THELMA BLANCHARD *vs.* FANNIE LAMPORT.

Cumberland County.    Decided April 9, 1932.    Action of trespass for the recovery of damages for injuries resulting from an assault by the defendant upon the plaintiff.

Trial of the case resulted in a verdict for $750 in favor of the plaintiff. General motion brings the case to this court.

The evidence of the plaintiff and defendant was almost entirely conflicting. No one else was present at the time of the occurrence of the affair.

The verdict of the jury furnishes sufficient reason for assuming that it accepted as true the testimony of the plaintiff and that it reached the conclusion, on all the evidence in the case, that she was entitled to recover compensation for the injuries received by her.

After a most careful reading of the printed case, we are unable to say that the finding of the jury was so manifestly wrong that it should be set aside. Oft repeated as is the statement that the jury had the opportunity to see the witnesses and weigh the value of their testimony as they gave it on the stand, the force of it can not be lost sight of by this Court as cases involving sharply conflicting evidence in which new trial is sought under general motion come before it.

The issue for the determination of the jury at the trial was whether or not the defendant committed an assault on the plaintiff, and by its verdict the triers of fact answered that question in the affirmative. We are not confronted with the question of whether or not the plaintiff may have been guilty of an assault on the defendant by reason of the use of greater force than was necessary under the circumstances for her own self-protection; that would be a question for another tribunal.

The declaration contained an allegation that the assault was vicious and malicious and asked for the allowance of exemplary damages. We may safely assume that the jury was instructed on

that point and that its verdict was returned with full recognition of its rights to assess punitive damages, if it felt the circumstances of the case justified it. We are unable to see any reason why the verdict should be disturbed as to the amount of the award.

The entry, therefore, must be, Motion overruled. *White & Willey*, for plaintiff. *Max L. Pinansky, Abraham Breitbord*, for defendant.